IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANKIE BROWN, # 07617-025, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20-cv-201-NJR |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Frankie Brown, an inmate in the Bureau of Prisons, filed a *pro se* pleading invoking 28 U.S.C. § 2241 and the First Step Act. (Doc. 1). Brown is currently incarcerated at the U.S. Penitentiary-McCreary, in Pine Knot, Kentucky, and was housed there at the time he filed this case.

Brown seeks to be resentenced, asserting he is "entitled to relief d[ue] to the change with the 922.g[.]" While Brown did not elaborate on this claim, the Court interprets his statement on the "changing of law" regarding 18 U.S.C. § 922(g) as referring to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Brown also asks the Court to consider whether he is entitled to relief under the First Step Act "because [he is] not a violent offender." (Doc. 1). Brown later filed a motion seeking the appointment of counsel and a prison transfer (Doc. 3), a letter construed as a supplement (Doc. 6),[1] and a motion for status. (Doc. 7).

---

[1] The Supplement (Doc. 6) raises complaints relating to the conditions of Brown's confinement at USP-McCreary. Such claims cannot be addressed in the context of a habeas corpus action, but instead must be brought in a civil rights case in the district of the prisoner's confinement, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

1

In 2018, Brown was convicted in this district court after pleading guilty to Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and sentenced to 120 months' imprisonment. *United States v. Brown*, Case No. 17-cr-30097-MJR (S.D. Ill. July 16, 2018, Doc. 61). In 2019, he filed a motion under 28 U.S.C. § 2255, challenging his sentence on the basis of alleged ineffective assistance of counsel. The motion was denied on September 26, 2019. *Brown v. United States*, Case No. 19-cv-1015-JPG (S.D. Ill.).

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Brown's Petition is not properly brought here under 28 U.S.C. § 2241. A Section 2241 petition must be filed in the district where the prisoner is incarcerated, and Brown is in prison in Kentucky, not the Southern District of Illinois. *See United States v. Vitrano*, 752 F. App'x 371, 373 (7th Cir. 2019).

Further, Brown fails to set forth a viable claim for relief based on *Rehaif v. United States*. In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Brown was not charged or convicted of a firearm offense under Section 922(g) – his offense was for drug distribution and involved an

entirely different statute, 21 U.S.C. § 841(a)(1).

For these reasons, this Section 2241 habeas corpus case shall be dismissed. Because Brown also seeks relief pursuant to the First Step Act, however, his Petition shall be filed in his criminal case so that his claim may be addressed there under this Court's procedures set forth in Administrative Order 234 (Jan. 23, 2019). Those procedures provides for an evaluation of the claim by the Federal Public Defender.

For these reasons, Frankie Brown's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. This dismissal is **without prejudice** to Brown pursuing his First Step Act claim in his criminal case in this District, *United States v. Brown*, Case No. 17-cr-30097-MJR. That case shall be reassigned to another District Judge due to the retirement of Judge Michael J. Reagan.

All pending motions are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to file Brown's initial pleading (Doc. 1) in his criminal case, *United States v. Brown*, Case No. 17-cr-30097-MJR, as a Motion for Relief under the First Step Act of 2018.

If Brown wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Brown plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Brown does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v.*

*Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Brown to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  May 19, 2020**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**